IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 04-1023
════════════
 
In re Allied Chemical 
Corporation et al., Relators
 
 
════════════════════════════════════════════════════
On Petition for Writ of Mandamus
════════════════════════════════════════════════════
 
 
Argued November 
16, 2005
 
 
Justice 
Wainwright, 
dissenting.
            
The several opinions in this case cogently set forth different positions. 
The truth is we all agree that improper tactical gamesmanship that skews 
accurate outcomes in the search for justice in the courts should be halted. In 
extraordinary cases in which the trial court has abused its discretion and there 
is no adequate remedy by appeal, it should be halted by mandamus. See In re 
Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 
(Tex. 2004). 
The question in this case is whether relators have 
shown that the Court should grant relief using the vehicle of mandamus. Relators decry being put to trial with no evidence of 
causation to support the claims of hundreds of plaintiffs against the dozens of 
defendants. However, relators in this case did not tee 
up their no-evidence arguments in the trial court by filing either 1) a motion 
for summary judgment under Texas Rule of Civil Procedure 166a(c) or 166a(i) or 2) a motion under Texas 
Rule of Civil Procedure 215.1 to compel the claimants to provide interrogatory 
answers that comply with Able Supply Company v. Moye, 898 S.W.2d 766, 771 (Tex. 1995). If they had, and 
the trial court then abused its discretion by making an erroneous legal ruling, 
refusing to set the motion for a hearing or refusing to timely rule, I would 
join the Court’s opinion in this type of mass tort case. None of these things 
occurred. In fact, there is not even an existing trial court order about which 
the relators complain. 
            
If we do not require litigants to avail themselves of the existing 
avenues for relief before seeking unique and extraordinary mandamus remedies, 
then mandamus relief will cease being extraordinary in the manner our precedents 
prescribe. The rules of procedure provide methods to address the complaints in 
this case. I depart from the Court in this case over the propriety of granting 
relief by mandamus.
 
 ______________________________
 J. Dale Wainwright
 Justice
 
 
OPINION DELIVERED: June 
15, 2007